This case has had a long and somewhat contentious history, which is summarized as follows: Plaintiff sustained an admittedly compensable injury by accident on February 28, 1989. Subsequently, there were Form 21 and 26 Agreements entered into by the parties and approved by the Industrial Commission. On August 10, 1990 Deputy Commissioner Morgan S. Chapman entered an Opinion and Award holding plaintiff's temporary total disability to be continuing.
Defendants did not appeal this opinion; they did, however, continue with vocational rehabilitation efforts in order to try to get plaintiff back to gainful employment. Plaintiff's counsel then moved the Commission for a restraining order against these efforts, alleging them unnecessary and not useful, and further alleged that they caused an exacerbation of plaintiff's pain. Plaintiff's counsel also filed a Form 33 Request for Hearing on the issue of the appropriateness and necessity of vocational rehabilitation in this particular case. On January 26, 1993 then-Executive Secretary Robert W. Fisher entered the restraining order as requested by plaintiff.
Defendants thereupon requested a hearing. On November 10, 1993 Deputy Commissioner Tamara R. Nance filed an Opinion and Award in the matter, finding and holding that plaintiff was employable and that he and his counsel had unjustifiably refused to cooperate with the vocational rehabilitation efforts, including the efforts to find employment for plaintiff. Deputy Commissioner Nance reversed and rescinded the restraining order and ordered plaintiff and his attorney to immediately cooperate with defendants' vocational rehabilitation efforts. Plaintiff appealed.
The Full Commission entered its Opinion and Order on July 11, 1994, which reinstated the restraining order as to vocational rehabilitation efforts by defendants. The Full Commission further ordered the depositions of Dr. Donald Joyce and Ms. Hilda Baker. On August 18, 1994 the parties entered into a proposed settlement agreement, which for various reasons was not approved by the Industrial Commission. The above depositions, and one of Dr. Raymond Sweet which was ordered by Commissioner Booker on October 6, 1994, were taken and received by the Full Industrial Commission, and this case stands ready for resolution.
* * * * * * * * * * *
Incorporated herein by reference are the Form 21 and Form 26 agreements entered into by the parties and approved by the Industrial Commission. Also incorporated herein by reference is the August 10, 1990 Opinion and Award by Deputy Commissioner Chapman. The parties stipulated to, and in evidence therefore are, three work evaluations dated July 20, 1989, June 22, 1990, and August 12, 1992. Included in the entire record in this case are the three depositions ordered by the Full Commission; namely, the depositions of Dr. Joyce, Dr. Sweet, and Ms. Baker. The Opinion and Award filed November 10, 1993 is hereby REVERSED and the findings of fact set forth therein are hereby REJECTED.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. As of the time of this writing, plaintiff is sixty-four years old and he has a ninth grade education. Plaintiff is only marginally literate; he can read, spell, and perform mathematical equations at below a third grade equivalency level. Plaintiff's work history consists only of manual-type labor, including acting as a stock clerk at a grocery store for forty years and for two years working for defendant-employer loading and unloading trucks.
2. Following plaintiff's injury by accident, for which defendants accepted liability, plaintiff was referred to Dr. Joyce, who has treated plaintiff from June 1989 until at least May 1994. Initially Dr. Joyce enrolled plaintiff in a work hardening program, which was unsuccessful at returning plaintiff to his former position. Because defendant-employer did not have or would not provide a lighter duty job for plaintiff, his employment there ended.
3. Plaintiff then sought other employment but was unsuccessful. Thereafter, following the January 25, 1990 hearing before Deputy Commissioner Chapman, defendants employed a vocational rehabilitation counselor in an effort to improve plaintiff's chances at securing employment. At least three vocational rehabilitation specialists have worked with plaintiff.
4. Plaintiff was sent to and made application at various job sites upon recommendation of his vocational rehabilitation specialists, and upon his own initiative. In January 1992 plaintiff was sent to Goodwill Industries to attempt work there as part of a work adjustment program. Dr. Joyce had approved this program. After several days of work he suffered back spasms and had to go to the emergency room for treatment. Dr. Joyce treated plaintiff the following day, diagnosed him with an exacerbation of chronic lumbar strain, and informed plaintiff's rehabilitation specialist that plaintiff was to not to return to Goodwill for a week.
5. Plaintiff's return to Goodwill further exacerbated his pain. Plaintiff's back pain worsened both as a result of the work at Goodwill and the drive to work. Dr. Joyce's medical notes from February 11, 1992 indicate that "The patient returns today and he is being continually flared up by the drive down to Goodwill, and I do not believe this man is capable of being rehabilitated. I advise[d] him that this attempt at reactivation should probably stop." On that same date Dr. Joyce wrote plaintiff out of work: "This man is being aggravated by current regimen. I recommend discontinuation." Defendant-carrier then suspended Mr. Coffey's participation in the Goodwill program.
6. Plaintiff underwent a functional capacity evaluation in August 1992 which indicated that plaintiff was able to return to work at light-medium duty. The FCE also recommended a personal fitness program.
7. Defendant-carrier assigned Comprehensive Rehabilitation Associates, Inc. to the case in early October 1992, with Ms. Hilda Baker specifically assigned to plaintiff. Plaintiff's counsel informed Ms. Baker that because at that time he was recovering from knee surgery, it would take a while for him to contact her regarding whether or not she would indeed become involved in the case. Plaintiff's counsel did not permit a meeting between Ms. Baker and plaintiff until November 12, 1992, when he himself was able to be present. Mr. Welling taped the conversation.
8. After plaintiff's and counsel's meeting with Ms. Baker, plaintiff's counsel filed a Form 33 Request for Hearing and a Motion requesting a restraining order with the Industrial Commission
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
CONCLUSIONS OF LAW
1. This case presents the Full Commission with a good example of parties who are not working together for the common good, or, for the plaintiff. The record is full of abuses and near-abuses examples on both sides of the fence, with the defendants continually pushing vocational rehabilitation on a patient who at times was undoubtedly incapable of vocational rehabilitation, and of a plaintiff's counsel who hinders the whole process by delaying applications, refusing to honor Dr. Joyce's recommendations that plaintiff may be able to work, and by instilling in plaintiff the idea that he absolutely cannot work, under any circumstances. All delays and the contentiousness that has characterized this case serves no purpose other than to ultimately harm the claimant, who must sit on his hands and await a final disposition while the parties seemingly forget that it is the claimant who is the one to be considered primarily.
2. Regardless of the views expressed above, the record seems to be quite clear that, at this point, plaintiff is incapable of working and earning any wages whatsoever. Dr. Joyce has opined repeatedly that there is nothing medically he can do for plaintiff.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
 S/ __________________________ JAMES J. BOOKER COMMISSIONER
JJB:alp